UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JESSIE MENDOZA,<br><br>    Defendant. | Case No. 1:21-cr-00245-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jessie Mendoza's Motion for Disclosure of Evidence. Dkt. 26. For the reasons set forth below, the Court GRANTS in PART and DENIES in PART the Motion.

## II. BACKGROUND

On September 23, 2021, the District of Idaho began supervising Mendoza. Dkt. 1.[1] On February 8, 2023, United States Probation and Parole ("Probation") filed an Information Only Petition against Mendoza. Dkt. 3. Probation later filed a formal Petition (Dkt. 4) and an Amended Petition (Dkt. 7). The Amended Petition contains seven alleged violations. *See generally* Dkt. 7. Mendoza is currently detained pending resolution of this case. Dkt. 13.

In preparation for a preliminary hearing before United States Magistrate Judge

---

[1] In September 2018, Mendoza was sentenced to 78 months imprisonment with three years of supervised release to follow in the District of Nevada. Dkt. 1, at 5–7.

Raymond E. Patricco, counsel for Mendoza reached out to the Court requesting assistance in getting copies of the assigned probation officer's notes supporting the alleged violations. *See generally* Dkt. 15, at 1. The primary purpose of this request was, apparently, because Mendoza's assigned probation officer was not actually going to attend the hearing. Rather, another probation officer would attend and read from the assigned probation officer's notes to answer any questions. Mendoza was concerned this would essentially constitute hearsay and, furthermore, that he had a right to know the information that would be used against him. Thus, he asked for the information to be turned over.[2]

After the parties communicated informally with the Court, Judge Patricco issued an order. Dkt. 15. He determined that the notes were in the Court's possession and that, in the absence of the assigned probation officer at the hearing, another officer would be allowed to attend but that he would be required to read the notes into the record "verbatim" thus allowing "Defendant's counsel [to be] on equal footing with [the probation officer] . . . and allow for full, fair, and effective cross-examination." *Id*. at 2.

Mendoza then waived his right to a preliminary hearing. Dkt. 16. Thus, the issue never arose, but neither was it fully resolved. Mendoza now asks the Court to, once again, order Probation to turn over any evidence from its file that will be used against him at the upcoming revocation hearing on November 9, 2023. *See generally id*. No responses were filed to Mendoza's Motion.

---

[2] Mendoza originally asked Probation (via the Government) to turn the information over. The Government and Probation took the position that the notes are not in the Government's possession but in the Court's possession and, as a result, it could not be compelled to turn them over. As will be explained, the Court agrees.

MEMORANDUM DECISION AND ORDER - 2

### III. ANALYSIS

Before Judge Patricco, the parties referenced an unpublished decision issued last year by Senior District Judge B. Lynn Winmill. Therein, Judge Winmill outlined that the proper avenue to make a motion such as this is: 1) to the Court; not the Government, and 2) pursuant to Federal Rule of Criminal Procedure 32.1[3] as opposed to Federal Rule of Criminal Procedure 16. *U.S. v. Harper*, Case No. 4:19-cv-00021-BLW, Dkt. 105, at 2–4. Judge Patricco agreed. Dkt. 15, at 1 ("the undersigned agrees [with *Harper*]" and "Rule 16 cannot compel the Government to produce [the records]").

The undersigned likewise agrees.

First, the Court, not the Government, is the correct recipient of this type of motion because Probation is an arm of the Court. *See United States v. Washington*, 146 F.3d 219, 223 (4th Cir. 1998) (explaining that a probation officer is a "neutral, information-gathering agent of the court, not an agent of the prosecution").

Second, while the Ninth Circuit has not squarely addressed whether the disclosure requirements of Federal Rule of Criminal Procedure 16 apply to revocation proceedings, it

---

[3] Fed. R. Crim P. 32.1 (b)(2)(A)-(E) provides that a Defendant is entitled to:

   (A) written notice of the alleged violation;

   (B) disclosure of the evidence against the person;

   (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;

   (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and

   (E) an opportunity to make a statement and present any information in mitigation.

has held that a defendant can request documents under Rule 32.1 when appropriate.

To begin, while Defendants in revocation hearings still enjoy the protection of general due process, they do not have the full array of rights associated with criminal prosecution. *See Morrissey v. Brewer*, 408 U.S. 471, 484 (1972). The Ninth Circuit has held there is a balance and that that balance is determined based upon what information the Government plans to use against the Defendant. In other words, the Ninth Circuit has held that, so long as a probation officer's file is not used against the probationer at the revocation hearing, there is no due process violation if that file is not disclosed to the probationer. *See United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989). But it has also held that the disclosure of information from a probation file *might* be necessary for effective cross-examination and the protection of a defendant's due process. *See United States v. Donaghe*, 924 F.2d 940, 944 (9th Cir. 1991).

This is what makes the Court's decision today difficult. It does not know what items from Probation's file the Government intends to use as evidence against Mendoza at the upcoming hearing. But neither does Mendoza. Hence his motion.

Thus, the Court can only rule in a generic fashion. If the Government intends to use certain information from Probation's file and it appears that information will be the subject of cross-examination, Probation must turn that information over to Mendoza's counsel so that he is adequately prepared.[4]

---

[4] The Government has already indicated informally that it will provide its exhibits prior to the hearing. The Court does not yet know if those exhibits will include anything from Probation. But the Court is asking that the Government inform Probation of anything from Probation's file it intends to use so that Probation can disclose that information to Mendoza.

MEMORANDUM DECISION AND ORDER - 4

Mendoza's Motion is GRANTED in PART and DENIED in PART. The Court will not order Probation turn over its entire file. It will, however, order the Government to inform Probation of anything from that file it intends to use at the upcoming hearing in support of the allegations against Mendoza and, in turn, orders Probation to furnish copies of any such documents to Mendoza's counsel.

## IV. ORDER

1. Mendoza's Motion for Disclosure (Dkt. 26) is GRANTED in PART and DENIED in PART as outlined above.

DATED: November 3, 2023

_____
David C. Nye
Chief U.S. District Court Judge